UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| TERESA FULTON, Administratrix of the Estate of AUDREY GENEVA FULTON, deceased | ) ) ) |
| PLAINTIFF | ) ) |
| vs. | ) CIVIL ACTION NO. ) 15-CV-31WOB-JGW |
| MASON COUNTY, KENTUCKY, GERALD CURTIS, individually, and in his official capacity as Jailer of Mason County, CYNTHIA D. SCHAEFER, individually, and in her official capacity as the Advanced Practice Registered Nurse at the Mason County Jail, | ) ) ) ) ) ) ) |
| and | ) ) |
| DENESE FULTON, individually, and in her official capacity as the Nurse at the Mason County Jail | ) ) ) |
| Serve: Denese Fulton Mason County Detention Center 702 U.S. Highway 68 Maysville, KY 41056 | ) ) ) ) ) |
| and | ) ) |
| GARY COLEMIRE, individually, and in his official capacity as an officer and employee of the Mason County Jail | ) ) ) ) |
| Serve: Gary Colemire Mason County Detention Center 702 U.S. Highway 68 Maysville, KY 41056 | ) ) ) ) ) |
| and | ) ) |

| | |
|---|---|
| ANGIE CLARY, individually, and in his official capacity as an officer and employee of the Mason County Jail | ) ) ) ) |
|     Serve:  Angie Clary<br>              Mason County Detention Center<br>              702 U.S. Highway 68<br>              Maysville, KY 41056 | ) ) ) ) ) ) |
| and | ) ) |
| MICHAEL MORAN, individually, and in his official capacity as an officer and employee of the Mason County Jail<br>    Serve:  4640 East KY 8<br>              Vanceburg, KY 41179 | ) ) ) ) ) |
| and | ) ) |
| JAMES ROBERT BURDETTE, individually, and in his official capacity as an officer and employee of the Mason County Jail | ) ) ) ) |
|     Serve:  P. O. Box 162<br>              Dover, KY 41034 | ) ) ) |
| and | ) ) |
| BUFFALO TRACE DISTRICT HEALTH DEPARTMENT | ) ) ) |
|     Serve:  Allison Adams, Director<br>              Buffalo Trace District Health<br>                Department<br>            130 East Second Street<br>            Maysville, KY 41056 | ) ) ) ) ) ) |
|               DEFENDANTS | ) ) |

## AMENDED COMPLAINT
[Filed Electronically]

## I. Introduction

1. Teresa Fulton, Administratrix of the Estate of her daughter, Audrey Geneva Fulton ("Ms. Fulton"), deceased, complains of the egregious and unjustifiable treatment of Ms. Fulton by the Defendants named in the caption above. As more specifically set forth below, Ms. Fulton, after her incarceration at the Mason County Detention Center (the "Jail") was subjected to Defendants' deliberate indifference to her obvious serious medical needs and, as a consequence, suffered severe physical, mental and emotional pain and died on October 31, 2014. It is the purpose of this action to recover the actual damages Ms. Fulton and her Estate sustained as a result of Defendants' conduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

## II. Jurisdiction and Venue

2. Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed Ms. Fulton by the Eighth, Tenth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 38 U.S.C. §§ 1331 and 1343. Plaintiff also seeks damages for negligence, gross negligence, outrageous conduct, and intentional infliction of emotional distress. Mason County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

## III. Parties

3. Plaintiff resides in Mason County, Kentucky. Plaintiff was appointed Administratrix of Ms. Fulton's Estate by Order of the Mason County District Court on

December 1, 2014. A true and correct copy of the aforementioned Order is attached hereto as Exhibit 1 and is incorporated herein.

4. Defendant Mason County (the "County") at all times mentioned herein, employed, was responsible for the establishment of policies either formally or by custom applicable to, and was responsible for the employment, training, supervision and conduct of, the officers, employees and independent contractors at the Jail.

5. Defendant Gerald Curtis was at all times mentioned herein acting individually and/or in his official capacity as Jailer of Mason County and the Mason County Detention Center, and was responsible for the establishment of policies either formally or by custom applicable to, and was responsible for the employment, training, supervision and conduct of, the officers, employees and independent contractors at the Jail.

6. Defendant the Buffalo Trace District Health Department ("Health Department"), a District Health Department formed pursuant to KRS Chapter 212, was obligated to and responsible for supervising and training County employees or contractors providing medical services to inmates, and developing policies, protocols, procedures and training for the provision of first aid and emergency care for inmates, including the transportation of inmates to an appropriate medical facility. Additionally, the Health Department (as well as the County) was responsible for the training, supervision and actions of Defendants Denese Fulton and Cynthia Schaefer with respect to the provision of all medical care, development of protocols, and other matters regarding the exercise of their professional judgment. The obligations of the Health Department are set forth in the Agreements attached hereto as Exhibits 2 and 3.

7. Defendant Cynthia Schaefer, was at all times mentioned herein a medical professional employed by Defendant Curtis, the Jail, Mason County, and/or the Health Department to work at the Jail and to provide medical care for inmates at the Jail, and personally participated in the mistreatment of Ms. Fulton described herein. In addition, Defendant Schaefer, as the Jail's nurse and the senior medically trained employee, was responsible for the establishment of policies either formally or by custom applicable to the providing of medical care to inmates at the jail, and was responsible for the employment, training, supervision and conduct of those persons responsible for providing medical care to Ms. Fulton.

8. Defendant Denese Fulton, was at all times mentioned herein a medical professional employed by Defendant Curtis, the Jail, Mason County, and/or the Health Department to work at the Jail and to provide medical care for inmates at the Jail, and personally participated in the mistreatment of Ms. Fulton described herein. In addition, Defendant Fulton, as the Jail's nurse and a medically trained employee, was responsible for the establishment and implementation of policies either formally or by custom applicable to the providing of medical care to inmates, was obligated to comply with the policies and procedures applicable for the providing of medical care to inmates, and was responsible for the employment, training, supervision and conduct of those persons responsible for providing medical care to Ms. Fulton.

9. Defendants, Gary Colemire, Angie Clary, Michael Moran and James Robert Burdette, were at all times mentioned herein acting individually and/or in their official capacity as officers and employees of the Jail and/or the County, and were obligated to comply with, abide by and properly implement the policies and procedures

applicable for the providing of medical care to inmates at the Jail, and also participated in the mistreatment of Ms. Fulton described below individually and/or in their official capacity.

### IV. Nature of Defendants' Conduct

10. Defendants, individually and in concert with one another, engaged in the conduct described herein under color of the law of the Commonwealth of Kentucky and Mason County. The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described herein. The offenses described herein resulted from the failure of the County, Curtis, the Health Department and the supervisory officials named above to employ qualified persons for positions of authority in the Jail, to properly or conscientiously train and supervise the conduct of persons employed at the Jail, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of Ms. Fulton. Additionally, the Defendants herein made knowing and conscious decisions that resulted in Ms. Fulton being denied proper and reasonable medical care and were in the violation of her constitutional rights. Defendants' conduct was intentional and grossly negligent, indicated active malice toward Ms. Fulton and a total, deliberate and reckless disregard for and indifference to her life, her serious medical needs, the substantial risk of harm to which she was exposed and her constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages her Estate is entitled to recover.

## V. Facts

11. Ms. Fulton was 27 years old at the time of her death. She had a prior criminal conviction and had been incarcerated at the Kentucky Correctional Institution for Women in Peewee Valley, Kentucky. She was released from that confinement in September 2012. As a condition of that release, Ms. Fulton was regularly monitored and drug tested by Kentucky Department of Corrections Probation and Parole personnel.

12. In October 2014, Ms. Fulton was drug tested by Probation and Parole and tested positive in violation of her parole. In compliance with the instructions of Probation and Parole personnel, Ms. Fulton reported to the Probation and Parole office on the morning of October, 28, 2014. She was arrested at that time for violating her parole and was transferred to the Jail.

13. At the time of her admission to the Jail, Ms. Fulton properly advised one or more employees of the Jail that she suffered from Crohn's disease and that it was a "serious medical condition that may require attention" while she was at the Jail. She also disclosed that she had, in 2009, "experienced DT's or other serious withdrawal from drugs;" namely, oxycontin.

14. Following her arrival at the Jail on the morning of October 28 and through the time of her death on the evening of October 31, Ms. Fulton's health and medical condition seriously deteriorated. Soon after her incarceration, she began severe drug withdrawal which was complicated and worsened by her Crohn's disease. Ms. Fulton's condition continued to deteriorate and included, but was not limited to, physical pain and suffering, uncontrolled and constant vomiting and diarrhea (resulting in vomit and feces being spread about her cell and on her person), an inability to eat or drink without

vomiting, and an inability to walk, control her bodily functions, and/or care for herself. Her clothes had to be repeatedly changed for her and, being unable to walk or care for herself, she had to be assisted to the shower and washed multiple times. Due to her inability to control her bodily functions, she was placed in diapers. During the course of her three days at the Jail, she informed one or more employees and/or agents of the Jail of her use of heroin (as recent as October 27), her prior serious negative history of withdrawing from drugs, her dehydrated condition, her Crohn's disease and her need for medical care. She requested medical help and stated that she was going to die. After enduring significant suffering, Ms. Fulton died on the evening of October 31, 2014.

15. Notes and records prepared by Jail personnel partially document the history of events during Ms. Fulton's time at the Jail. On the night of October 28, Ms. Fulton "started getting sick through the night and … vomited several times." On October 29, Ms. Fulton reported to Jail personnel, including nurse Denese Fulton, that "she needs to go to the hospital because she has Chron's [sic] Disease and is dehydrated." Due to her condition, Ms. Fulton did not and was unable to eat that day. Jail personnel had to use a wheelchair to move her from her cell. Ms. Fulton "vomited several times throughout the day." On the following day, October 30, Ms. Fulton was unable to eat. She was unable to eat or drink without vomiting. At 11:08 p.m., on October 30, she was moved to a cell that had a drain in the floor. At 4:37 a.m., on October 31, a guard at the Jail contacted Defendant Schaefer regarding Ms. Fulton's health. Ms. Fulton was not transferred to a hospital and no additional care was provided for her. Approximately three hours later, at approximately 8:09 a.m., Ms. Fulton was examined by Defendant Schaefer. Defendant Schaefer assessed Ms. Fulton to be "in opiate detox," with opiate

withdrawal, nausea, vomiting, diarrhea, and chronic opiate dependency. Two guards "assisted with giving [Ms.] Fulton a shower." Ms. Fulton continued to suffer from nausea, vomiting and diarrhea during the day. She continued to be unable to eat. More than eight (8) hours after being examined by Defendant Schaefer, Ms. Fulton was "cleaned up" by a guard and was given medication (phenergan by suppository). Ms. Fulton "did not sign MAR [Medication Administration Record] due to nausea/vomiting." At approximately 7:00 p.m., a guard, while updating a new guard at the start of a new shift, stated that Ms. Fulton "was very sick and that they had placed [her] in diapers due to diarrhea she'd been having throughout the day." The guard also stated that they "had showered inmate Fulton several times due to the diarrhea she'd been having." The new guard stated that she "could hear inmate Fulton moaning." She observed that Ms. Fulton "was moaning with every breath and she appeared to be drawn up." The guard "placed a wet towel on her forehead and tried to moisten her lips." Another guard, again at approximately 7:00 p.m., stated that he heard Ms. Fulton "cry out in pain." He saw her "lying on her back moaning and seemed to be in pain." He turned Ms. Fulton "onto her side to keep her from choking on her body fluids." The guards "tried to get [Ms.] Fulton to talk to [them] with no verbal response, just a moan." The guards instructed a female inmate to monitor Ms. Fulton "while staff duties were performed" ("medication distribution to inmate population"). Slightly after 8:00 p.m., the female inmate yelled for help, the guard returned to Ms. Fulton's cell, Ms. Fulton either had or did stop breathing, and she was or became unresponsive. An ambulance was called, she was taken to the hospital, and was declared dead.

16. Due to Ms. Fulton's obvious serious medical need and substantial risk of serious harm, various Jail personnel recognized the need for Ms. Fulton to receive medical care and to be taken to the hospital, and repeatedly asked Defendants Schaefer and Fulton about and expressed to Defendants Schaefer and Fulton the need for Ms. Fulton to receive additional medical care and/or to be taken to the hospital. When Ms. Fulton was able to communicate, she asked multiple Jail personnel for help and expressed her opinion that she was dying. Defendants Schaefer and Fulton, on multiple occasions, refused to transport Ms. Fulton or allow her to be transported to the hospital to receive additional needed medical care. Additionally, the other named defendants took no steps to provide Ms. Fulton with adequate medical care or to obtain such care for her. The defendants did not comply with the applicable policies, procedures and protocols for the providing of medical care for Ms. Fulton.

17. Prior to October 31, Plaintiff, Teresa Fulton, informed Defendant Curtis of Ms. Fulton's medical history, including Crohn's disease and dehydration, and informed him that she needed to be taken to the hospital to be provided proper care.

18. Ms. Fulton died the evening of October 31, 2014. She was transported to Meadowview Regional Medical Center where she was declared dead. Upon information and belief, Ms. Fulton was never seen or examined by a physician between the time she was admitted to the Jail and her death. Upon information and belief, Ms. Fulton was provided no medical care relating to her drug withdrawal condition, her Crohn's disease and/or her overall medical condition other than the medication that she was given on the afternoon of October 31.

19. In addition to failing and refusing to provide Ms. Fulton reasonable care in response to her serious medical need, Defendants denied Ms. Fulton appropriate care under the circumstances by failing to provide care for her personally or through other trained Jail personnel and by instead instructing and relying upon untrained trustees or other inmates to monitor and care for Ms. Fulton.

20. Notwithstanding Defendants Schaefer's and Fulton's failure and refusal to administer proper medical care for Ms. Fulton, including but not limited to having Ms. Fulton transferred to and admitted in a hospital, Defendant Curtis, Defendants Moran, Colemire, Clary and Burdette, and one or more other County employees failed to administer or to cause to have administered proper medical care for Ms. Fulton, including but not limited to transfer and admittance to an appropriate hospital.

21. The Health Department failed to meet its obligations set forth in the Agreements attached hereto as Exhibits 2 and 3. It breached those contractual obligations. It was negligent in its supervision and training of Defendants Schaefer and Fulton and other Jail personnel. It was negligent in its development and establishment of policies and protocols regarding the providing of medical care for inmates at the Jail.

22. As a direct and proximate cause of Defendants' acts and omissions complained of herein, Ms. Fulton suffered severe pain and suffering and ultimately died and if Ms. Fulton had received appropriate medical care and attention from Defendants, Ms. Fulton would not have suffered the aforementioned pain and suffering and would not have died.

## VI. Causes of Action

### A. Count I

23. Paragraphs 1-22 above are incorporated herein by reference and made this Paragraph 23.

24. While at the Jail, Ms. Fulton had a serious medical need that was obvious and known to Defendants. Defendants were aware of the substantial risk of serious harm to Ms. Fulton if reasonable steps were not taken to abate that risk. Defendants failed to provide reasonable and required care or treatment for Ms. Fulton. Defendants failed to establish, implement and/or comply with proper and adequate policies, procedures and protocols for the providing of medical care to inmates such as Ms. Fulton, or to train and supervise the implementation of such policies, procedures and protocols. Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their deliberate and reckless disregard for and an indifference to Ms. Fulton's serious medical need, her life, as well as her rights and the risk of harm to her life occasioned by such conduct.

25. As a result of the foregoing, Ms. Fulton, through Defendants' deliberate indifference and grossly negligent conduct, was subjected to significant pain and suffering, cruel and unusual punishment and ultimately deprived of her life without due process of law in violation of the Eighth, Tenth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

### B. Count II

26. Paragraphs 1-25 above are incorporated herein by reference and made this Paragraph 26.

27. By virtue of the foregoing, all Defendants were negligent, grossly negligent and their actions constituted a deliberate indifference to Ms. Fulton's serious medical needs. In addition, Defendant Schaefer and Defendant Fulton, who were the medical professionals responsible for Ms. Fulton's care, failed to meet the standard of care applicable to their profession.

### C. Count III

28. Paragraphs 1-27 above are incorporated herein by reference and made this Paragraph 28.

29. Defendants' treatment of Ms. Fulton was so beyond the bounds of human decency that it exemplifies and constitutes the tort of outrage.

### D. Count IV

30. Paragraphs 1-29 above are incorporated herein by reference and made this Paragraph 30.

31. Ms. Fulton suffered a wrongful death under KRS 411.130, for which she and her Estate are entitled to recover damages.

### E. Count V

32. Paragraphs 1-31 above are incorporated herein by reference and made this Paragraph 32.

33. Defendants in their treatment of Ms. Fulton violated KAR 501 3:090.

## VII. Damages

34. Paragraphs 1-33 above are incorporated herein by reference and made this Paragraph 34.

35. Ms. Fulton's death was unnecessary and preventable. Her Estate is entitled to recover the income and earnings she would have enjoyed had she lived. Ms. Fulton also experienced unfathomable mental and physical pain and suffering before her death as a result of Defendants' conduct, for which her Estate is entitled to recover damages. Finally, Defendants' violations of Ms. Fulton's constitutional and common law rights were cruel, malicious, willful and evidenced a reckless disregard and deliberate indifference for her life and those rights, entitling Plaintiff to recover compensatory damages from Defendants, as well as punitive damages in order to deter such conduct in the future.

WHEREFORE, Plaintiff requests a trial by jury, and further requests that she and Ms. Fulton's Estate be awarded:

(a) actual damages for (i) Ms. Fulton's lost past and future income, (ii) Ms. Fulton's mental and physical pain and suffering, and (iii) expenses incurred in the funeral and burial of Ms. Fulton;

(b) punitive damages;

(c) Plaintiff's costs and attorneys' fees incurred herein;

(d) pre- and post-judgment interest; and

(e) all other relief to which Plaintiff and/or the Estate may appear entitled under law or in equity.

Respectfully submitted,

Albert F. Grasch, Jr., Esq.
James L. Thomerson, Esq.
Crista D. Hollingsworth, Esq.
GRASCH LAW, PSC
302 West High Street
Lexington, KY 40507-1831
Telephone: (859) 253-9506
agrasch@graschlaw.com
jthomerson@graschlaw.com
chollingsworth@graschlaw.com
pdoyle@graschlaw.com (paralegal)

/s/ James L. Thomerson
Counsel for Plaintiff, Teresa Fulton,
Administratrix of the Estate of Audrey
Geneva Fulton, deceased

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2015, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to the following:

Jeffrey C. Mando, Esq.
ADAMS, STEPNER, WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY 41011
JMando@aswdlaw.com

Phillip Bruce Leslie, Esq.
MCBRAYER, MCGINNIS, LESLIE & KIRKLAND
P. O. Box 280
Greenup, KY 41144-0280
Pbruceleslie@zoominternet.net

/s/ James L. Thomerson
COUNSEL FOR PLAINTIFF, TERESA FULTON, ADMINISTRATRIX OF THE ESTATE OF AUDREY GENEVA FULTON, DECEASED

F:\Client Documents\Fulton, Audrey Geneva\Pleadings\complaint.amended.110215.doc